IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-097-RJC-DCK

| | |
|---|---|
| URBAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| AMERICAN GENERAL FINANCE, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Stay And Compel Arbitration" (Document No. 3) filed February 25, 2011. Plaintiff has failed to file a timely response, and the time to do so has lapsed. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will grant the motion.

*Pro se* Plaintiff ("Plaintiff") Urban Smith filed this action in the District Court Division of Mecklenburg County, North Carolina, on or about January 18, 2011. (Document No. 1-1). Specifically, Plaintiff's Complaint alleges violations of regulations promulgated under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Id. On February 25, 2011, Defendant American General Financial Services of Illinois, Inc. ("AGFS") filed its "Notice Of Removal" (Document No. 1) to this Court. Also on February 25, 2011, Defendant AGFS filed the pending "Motion To Stay And Compel Arbitration" (Document No. 3), along with a "Memorandum In Support..." (Document No. 4).

The undersigned observes that both federal and state policy strongly favor arbitration; relevant precedents in this Court, as well as in the North Carolina courts, indicate a policy strongly

favoring arbitration. This Court has recently opined:

> The Federal Arbitration Act ("FAA") establishes a policy favoring the enforcement of written agreements to arbitrate. Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3.
> . . .
> The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone, 460 U.S. at 24-25; see also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir.2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir.2001); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir.1997). The Fourth Circuit has stated that
>
>> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.
>
> Long, 248 F.3d at 315-16 (internal citations omitted).

International Bottled Water Ass'n v. Eco Canteen, Inc., 3:09-CV-299-RJC-DSC, 2010 WL 771872 at *6 (W.D.N.C. March 5, 2010).

Even more recently, the Court of Appeals of North Carolina has affirmed the state's approach to motions to compel arbitration as follows:

> The determination of whether a dispute is subject to arbitration involves a two pronged analysis; the court

> must ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether "the specific dispute falls within the substantive scope of that agreement."
>
> . . .
>
> In so doing, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." This is so because public policy in this State, like federal policy, favors arbitration. Because federal policy and the policy of this State are the same in this regard, it is appropriate to look to federal cases for guidance in determining whether plaintiff's claims fall within the scope of the arbitration clause.

Ellison v. Alexander, 700 S.E.2d 102, 105-106 (N.C.App. 2010)(citations omitted).

Based on Defendant's arguments in the pending motion, applicable authority cited herein, and Plaintiff's failure to respond to the motion, the undersigned is persuaded that the motion should be granted. It appears to the undersigned that the parties had a valid agreement to arbitrate and that their dispute falls within the scope of that agreement.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Stay And Compel Arbitration" (Document No. 3) is **GRANTED** and that this matter is **STAYED** pending the parties completion of arbitration.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal, or a status report in this matter, on or before **May 20, 2011**.

Signed: March 22, 2011

David C. Keesler
United States Magistrate Judge